IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ESTATE OF ALBERT A. MILLER, deceased,

LENORE MILLER and KIM M. HOOKER,
as Co-Personal Representatives of the Estate of
Albert A Miller, Deceases, and LENORE MILLER,
KIM M. HOOKER and EVAN F. MILLER, as
Beneficiaries under the Lenore Miller Marital Trust,

    Plaintiffs,

vs.                                                                         Civ. No. 01-130 JP/LFG

THOMAS E. EMERY, THOMAS C. MISURACA,
and GARAN LUCOW MILLER, P.C., a Michigan
Professional Corporation, jointly and severally,

    Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

On February 7, 2001, the Plaintiffs filed a Motion for Temporary Restraining Order or, in the Alternative, for Remand (Doc. No. 6).  I entered an Order on February 9, 2001 expediting briefing on this motion and notified the parties on February 16, 2001 that the Defendants could file a surreply on February 22, 2001 regarding the abstention issues raised in the Plaintiff's reply brief.  The briefing is now complete. Having reviewed the briefs and the relevant law, I find that Plaintiffs' motion should be denied, but this case should be dismissed without prejudice.

A. Background

The Defendants removed this case from state court on February 1, 2001 based on diversity jurisdiction.  Doc. No. 1.  The Complaint filed in state court concerns the administration of the Lenore Miller Marital Trust (apparently also known as the Albert A. Miller Revocable Trust). The claims in the state case include intentional misrepresentation and conspiracy, breach of

contract and unlawful usurpation of authority of trustee, breach of fiduciary duties by Defendants Misuraca and Emery, intentional infliction of emotional distress, *prima facie* tort, and negligence. The Complaint seeks compensatory damages, punitive damages, appointment of co-trustees, and a preliminary injunction to protect the trust from Defendants Misuraca and Emery.

The Complaint attached to the first Notice of Removal alleged that Plaintiff Lenore Miller is entitled to $750,000.00 in damages for emotional distress and treble damages for punitive damages. ¶¶55 and 62 of Complaint. The Plaintiffs subsequently filed a First Amended Complaint in state court on February 6, 2001. The First Amended Complaint alleged that Plaintiff Lenore Miller is entitled to $65,000.00 in damages for emotional distress as well as treble damages for punitive damages. ¶¶55 and 62 of First Amended Complaint.

On February 7, 2001, the co-trustees of the Albert A. Miller Revocable Trust filed a Petition for Supervision of Resignation of Trustees, Appointment of Successor Trustee, Approval of Final Account, and for Miscellaneous Relief (Petition for Supervision) in the probate court for the County of Wayne, Michigan. A hearing on the Petition for Supervision is set for February 28, 2001 in Detroit, Michigan.

On February 20, 2001, the Defendants filed in this Court Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Motion for Change of Venue (Doc. No. 12). The Defendants contend in a conclusory manner that I should decide the personal jurisdiction issue before addressing the subject matter jurisdiction issues raised in Plaintiffs' Motion for Temporary Restraining Order (TRO) or, in the Alternative, for Remand. The United States Supreme Court has recognized that deciding the issue of subject matter jurisdiction should be done first when doing so is not an arduous endeavor. *Ruhrgas AG v. Marathon Oil Co.*, 526

U.S. 574, 587-88 (1999).  Since I have already reviewed the briefs and the relevant law with respect to the subject matter jurisdiction issues, it is appropriate that I rule on those issues prior to considering, if necessary, any personal jurisdiction issues.

B. Discussion

The Plaintiffs request a TRO to prevent damage to the assets of the Albert A. Miller Revocable Trust.  In the alternative the Plaintiffs argue that a remand is necessary based on the probate exception to federal jurisdiction and a failure to meet the amount in controversy requirement for diversity jurisdiction.  The Plaintiffs also argue that the Court should abstain from hearing this case under the *Younger* and *Colorado River* abstention doctrines.  I will address the remand and abstention issues before reaching the TRO issues.

    1.  Request for Remand

The Plaintiffs argue that a remand is appropriate because the probate exception applies to this case and the amount in controversy does not exceed $75,000.00.  The Tenth Circuit explained the probate exception to federal subject matter jurisdiction in *Rienhardt v. Kelly,* 164 F.3d 1296 (10th Cir. 1999).  Although the federal courts do not have subject matter jurisdiction to probate a will or administer an estate, the federal courts can "'entertain suits in favor of ... heirs and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.'"  *Id.* at 1299-1300 (quoting *Markham v. Allen*, 326 U.S. 490, 494(1946)).  Because federal jurisdiction is "limited by the scope of the probate proceedings, federal jurisdiction over probate matters depends on state law." *Id.* at 1300 (citing *McKibben v. Chubb*, 840 F.2d 1525, 1529 (10th Cir. 1988)).

> The standard for determining whether federal jurisdiction may be exercised is whether under state law the dispute would be cognizable only by the probate court. If so, the parties will be relegated to that court; but where the suit merely seeks to enforce a claim inter partes, enforceable in a state court of general jurisdiction, federal diversity jurisdiction will be assumed.

*Id.* (quoting *McKibben*, 840 F.2d at 1529).

In New Mexico, the state district court has exclusive original jurisdiction over trusts. NMSA 1978, §§ 45-1-302(A)(4), 45-7-201 (1975). Since this case involves a dispute regarding a trust, the state district court, not the probate court, would have exclusive original jurisdiction over this case. Furthermore, the New Mexico Constitution restricts the probate court to an amount in controversy of less than $3,000.00, exclusive of interest and costs. N.M. Const. Art. 6, §23. The amount in controversy in this case is more than $3,000.00. Hence, this dispute would not be cognizable by the New Mexico probate court. Because the claims in this case are enforceable in state district court, the probate exception does not apply.

The Plaintiffs also argue that the First Amended Complaint does not establish an amount in controversy exceeding $75,000.00. This argument is flawed for two reasons. First, the original Complaint attached to the Notice of Removal alleges damages of $750,000.00 for emotional distress alone, an amount in controversy clearly exceeding $75,000.00. Second, although the First Amended Complaint reduces the alleged damages for emotional distress to $65,000.00, it nonetheless requests treble damages for punitive damages. Punitive damages can be included in determining the amount in controversy. *See Bell v. Preferred Life Assurance Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943). Combining these compensatory and punitive damage claims results in an amount in controversy over $75,000.00. Even if the First Amended Complaint could be construed as alleging an amount in controversy less than $75,000.00, "[o]nce

4

jurisdiction has attached, events subsequently defeating it by reducing the amount in controversy are unavailing." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998)(citation omitted).  I conclude that the motion to remand for lack of subject matter jurisdiction should be denied.

      2.  Abstention

           a.  *Younger* Abstention

The Plaintiffs argue that if this Court has subject matter jurisdiction over this case, it should nonetheless abstain from hearing the case and allow this action to proceed in New Mexico probate court. The Plaintiffs rely on both *Younger* and *Colorado River* abstention doctrines. Under *Younger*,

> [a] federal court must abstain from exercising jurisdiction when:  (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)).  *Younger* abstention is not available, however,  "'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'"  *Id.* at 1165 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

To obtain *Younger* abstention, there must be an ongoing state court proceeding.  Here, the New Mexico case is now a federal case by virtue of the Notice of Removal.  The parties have not indicated that there is any other pending New Mexico proceeding apart from this removed action.

5

Accordingly, there is no pending case in a New Mexico state court. There is, however, an ongoing state proceeding in a Michigan probate court.

The Michigan probate court has exclusive legal and equitable jurisdiction over claims arising in the administration or distribution of a trust. *Manning v. Amerman*, 229 Mich. App. 608, 582 N.W.2d 539 (1998). The Michigan probate court would, therefore, provide an adequate forum to hear all of the claims raised in this federal case. *See Nelson v. Murphy*, 44 F.3d 497, 502 (7th Cir.), *cert. denied,* 516 U.S. 1027 (1995)("Because the state courts were empowered to award both equitable and monetary relief, *Younger* obliged plaintiffs to make all of their arguments there."). In addition, the Michigan probate proceedings involve trust matters which are traditionally resolved by state law. For these reasons, I find that *Younger* abstention applies and this case should be dismissed so that the Michigan probate court can hear the Plaintiffs' claims.

### b. *Colorado River* Abstention

As with the *Younger* abstention argument, the Plaintiffs hope to use the *Colorado River* abstention doctrine to remand this case to the New Mexico probate court. The *Colorado River* doctrine is more narrowly applied than other abstention doctrines and requires exceptional circumstances. *Reinhardt*, 164 F.3d at 1303. Four factors to examine in determining the applicability of the *Colorado River* doctrine are: "(1) simultaneous jurisdiction over a single res; (2) the relative convenience of the fora; (3) order in which proceedings were initiated; (4) the need to avoid piecemeal litigation." *Id.* The parties agree that there is no *res* at issue. In addition, the federal forum is not convenient to the Defendants who reside in Michigan but is convenient to the Plaintiffs. Moreover, the only ongoing state proceeding, the Michigan probate

case, was filed after the New Mexico case was removed to federal court.  Although the avoidance of piecemeal litigation would be avoided by having the Michigan probate court hear the claims in this case, that factor alone is not an "exceptional circumstance" justifying application of the *Colorado River* doctrine.  *Id*.  When considered together, these factors dictate against use of the *Colorado River* doctrine. The Plaintiffs' reliance on the *Colorado River* doctrine is, therefore, not well founded.

    3.  Request for TRO

Since I have found that this case should be dismissed under the *Younger* abstention doctrine, the Plaintiffs' request for a TRO should be denied as moot.

IT IS ORDERED that the Plaintiffs' Motion for Temporary Restraining Order or, in the Alternative, for Remand (Doc. No. 6) is denied.

IT IS FURTHER ORDERED that this case will be dismissed without prejudice so that the Plaintiffs can bring their claims in the Michigan probate court for the County of Wayne.


_____
CHIEF UNITED STATES DISTRICT JUDGE